STATE of Wisconsin, Plaintiff-Appellant,†

v.

Alvin FOUSE, Defendant-Respondent.

Court of Appeals

*No. 83–2047. Submitted on briefs June 18, 1984.—
Decided August 22, 1984.*
(Also reported in 355 N.W.2d 366.)

† Petition to review denied.

For the appellant, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

For the respondent, the cause was submitted on the brief of *John A. Becker*, of *Hanson & Gasiorkiewicz, S.C.*, of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The State of Wisconsin appeals from an order which forfeited an automobile to the state, pursuant to sec. 161.55, Stats., but which also required the state to reimburse John and Lucy Taylor for a $7,000 unperfected interest in the car.[1] This case requires us to construe and harmonize certain provisions of sec. 161.55, specifically, sec. 161.55 (1) (d) 4 relating to the rights of holders of a "perfected security interest" and sec. 161.55 (3) concerning the rights of "innocent persons" in for-

---

[1] The state's notice of appeal states that the appeal is from the September 6, 1983 order dismissing the forfeiture action. This is incorrect; the order referred to did not dismiss the forfeiture action but, in fact, granted it subject to the Taylors' $7,000 interest. We therefore construe this reference in the notice of appeal as a misstatement of the order.

feiture actions.[2] The state urges us to construe these provisions so that the "innocent persons" referred to in subsection (3) would mean only those parties specifically enumerated under subsection (1) (d) 1–4, a result which in this case would preclude the Taylors from recovery. We reject this construction and therefore affirm.

On June 27, 1982, Alvin Fouse was arrested for delivery of controlled substances. Subsequent to the arrest, the police confiscated his 1978 Lincoln Continental, and the state began a forfeiture action for the car under secs. 161.55 and 161.555, Stats.

In the answer to the forfeiture complaint, Fouse admitted that he owned the car but alleged that his owner-

---

[2] Section 161.55, Stats., reads in relevant part:

(1) The following are subject to forfeiture:

. . . .

(d) All vehicles, as defined in s. 939.22(44), which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in pars. (a) and (b) or for the purpose of transporting any property or weapon used or to be used or received in the commission of any felony under this chapter, but:

1. No vehicle used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this section unless it appears that the owner or other person in charge of the vehicle is a consenting party or privy to a violation of this chapter;

2. No vehicle is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent;

3. A vehicle is not subject to forfeiture for a violation of s. 161.41(3); and

4. A forfeiture of a vehicle encumbered by a bona fide perfected security interest is subject to the interest of the secured party if he or she neither had knowledge of nor consented to the act or omission.

. . . .

(3) In the event of seizure under sub. (2), proceedings under sub. (4) shall be instituted promptly. All dispositions and forfeitures under this section and ss. 161.555 and 161.56 shall be made with due provision for the rights of innocent persons.

ship was "subject to certain security interests and liens against said vehicle held by his aunt and uncle, Lucy Taylor and John Taylor." Fouse later moved, pursuant to sec. 803.03 (1), Stats., for joinder of the Taylors as necessary parties to the forfeiture action. A supporting affidavit alleged that the Taylors had loaned money to Fouse to purchase the Continental.

At the forfeiture hearing, Fouse stipulated that the automobile had been used in the commission of a crime described under sec. 161.55 (1) (d), Stats., and was therefore subject to forfeiture. The Taylors testified that they loaned Fouse $7,500 to purchase the car and that pursuant to a written agreement, he pledged the Continental as collateral on the loan and agreed to a repayment schedule of $100 per month. The title issued to Fouse was endorsed by the parties with a notation that the Taylors held a lien on the vehicle. However, it is undisputed that the Taylors did not perfect their security interest in accord with statutory requirements, and, therefore, their interest in the car was not protected under sec. 161.55 (1) (d) 4.

Despite the lack of a perfected interest, the Taylors claimed that as "innocent persons" vis-a-vis Fouse's alleged crime, their interest in the automobile should be protected under sec. 161.55 (3), Stats. The trial court agreed. Determining that Fouse had made five installment payments on the loan, the court calculated that $7,000 remained on the balance due the Taylors. Accordingly, the court granted forfeiture of the car to the state subject to the Taylors' $7,000 interest. The state appeals.

The state does not dispute the trial court's implied finding that the Taylors were innocent parties. Rather, it argues that the Taylors' interest in the car does not qualify for protection in the forfeiture action because they do not fall within the enumerated list of exclusive exceptions

specified under sec. 161.55(1)(d)1–4, Stats.[3] It contends that the Taylors, despite their innocence, are not entitled to the protection specified under sec. 161.55(3) because their interest is not perfected and only persons holding a perfected security interest are entitled to such relief as provided under sec. 161.55(1)(d)4. It reasons that, in this case, the "innocent persons" referred to in subsection (3) must be construed as meaning only innocent holders of a "perfected security interest" under sec. 161.55(1)(d)4. The state concludes that the trial court's construction is erroneous because it violates several established principles of statutory construction.[4]

The Taylors, on the other hand, do not question the state's right to bring a forfeiture action for the automobile because they admittedly have not met any of the exceptions under sec. 161.55(1)(d)1–4, Stats. They do insist, nevertheless, that once the car has been forfeited, their security interest in the car must be protected and compensated for under the clear language of sec. 161.-55(3).

---

[3] It is undisputed that the Taylors do not fall within any of the exceptions barring forfeiture actions specified under sec. 161.55(1)(d)1–4, Stats. In fact, the only exceptions of relevance here are sec. 161.55(1)(d)2 and 4, the provisions relating respectively to innocent owners and innocent holders of perfected security interests. The trial court correctly pointed out that Fouse, not the Taylors, owned the automobile in question. It is also undisputed that the Taylors did not hold a perfected security interest.

[4] The state asserts that the trial court's construction violates the following principles of statutory construction: (1) it renders sec. 161.55(1)(d)4, Stats., superfluous by subjecting forfeiture actions to the interests of any innocent party regardless of whether the party has perfected the security interest; (2) it ignores the principle that in construing a section, the entire statute must be considered, and (3) it applied a general statutory provision [subsection (3)] over one that deals specifically with the subject matter [subsection (1)(d)4].

These conflicting conclusions arise because of the different interpretations of sec. 161.55(1) (d)4, Stats., held by the state and the Taylors. The state interprets this provision to mean that a vehicle encumbered by a perfected security interest would be subject to a forfeiture action, but once forfeited, the interest of an innocent perfected security holder must be protected. According to the state's interpretation, if the interest of an innocent *unperfected* security holder is similarly protected, as the trial court in fact did here, subsection (1) (d)4 is rendered superfluous. The state's argument is essentially as follows: why provide for a perfected security interest under subsection (1) (d)4 if the trial court is required under subsection (3) to protect the interests of innocent parties who hold unperfected secured interests?

The Taylors contend that the state's interpretation of sec 161.55(1) (d)4, Stats., is incorrect; that there is, in fact, no conflict with subsection (3). They claim that vehicles which meet the requirements of sec. 161.55(1) (d) 1–4 are *not* subject to forfeitures. Hence, there is no conflict with subsection (3) because that provision pertains only to the interests of innocent persons in cases where a vehicle has been forfeited.

The construction of a statute is a question of law which this court will consider *de novo*. *Central National Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). The purpose of statutory construction is to determine and give effect to the legislative intent. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129, 135 (1980). We ascertain the legislative intent by considering the language of a statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished. *Perry Creek Cranberry Corp. v. Hopkins Agricultural Chemical Co.,* 29 Wis. 2d 429, 435, 139 N.W.2d 96, 100

(1966). This is especially true when two interpretations of a statute are possible. *State v. Automatic Merchandisers of America, Inc.*, 64 Wis. 2d 659, 663, 221 N.W.2d 683, 686 (1974). Provisions of a statute which appear to conflict are to be construed harmoniously, thereby giving effect to the primary purpose of the statute. *State v. Schaller,* 70 Wis. 2d 107, 110, 233 N.W.2d 416, 418 (1975).

The language of sec. 161.55(1)(d)1–3, Stats., clearly indicates that vehicles falling under the province of these subsections are not subject to forfeiture. Unfortunately, the language of subsection (1)(d)4 is not as precise, thus resulting in the conflicting interpretations proposed by the state and the Taylors. However, in determining the meaning of a statutory phrase or provision, it must be considered in light of the whole statute. *State v. Phillips,* 99 Wis. 2d 46, 50, 298 N.W.2d 239, 241 (Ct. App. 1980). Furthermore, the position of a statutory subsection is of significance in construing the statute. *State v. Consolidated Freightways Corp.,* 72 Wis. 2d 727, 737, 242 N.W. 2d 192, 198 (1976). Applying these principles and considering the context and subject matter of these provisions as a whole, we have little doubt that the legislature intended subsection (1)(d)4 to have the same meaning and effect as the exceptions under subsections (1)(d)1–3. Therefore, we hold that vehicles encumbered by a perfected security interest and meeting the other requirements of subsection (1)(d)4 are not subject to a forfeiture action unless the holder of such an interest consents to the action.

This interpretation of sec. 161.55(1)(d)4, Stats., also results in a harmonious construction of subsection (3). While an innocent holder of a perfected security interest can prevent forfeiture of a vehicle under sec. 161.55(1)(d)4, no such right is provided to innocent persons who

do not hold a perfected security interest. However, although such persons cannot prevent a forfeiture action, sec. 161.55(3) does provide for consideration of their interest once the forfeiture has occurred. This construction gives both sec. 161.55(1)(d)4 and subsection (3) independent force and effect.[5]

We also note that this interpretation of sec. 161.55(1) (d)4, Stats., is consistent with the general provisions for forfeiture proceedings under sec. 161.555(2), Stats., which directs that the state shall file an authenticated copy of the forfeiture complaint, summons and affidavit "upon any person known to have a bona fide perfected security interest in the property." Notice provides holders of such interest an opportunity under sec. 161.55(1)(d) 4 to stop a forfeiture action initiated by the state. Such notice is unnecessary for holders of unperfected security interests, however, because such holders are not entitled to prohibit a properly initiated forfeiture action. Rather, their interests are only subject to consideration under sec. 161.55(3) once forfeiture has occurred.

Finally, this interpretation also supports the legislative purpose and public policy behind the forfeiture provisions. The purpose of the forfeiture provisions of the Uniform Controlled Substances Act is to deter drug trafficking by permitting confiscation and forfeiture of the means and mobility used to commit activities proscribed by the act. *State v. S & S Meats, Inc.*, 92 Wis. 2d 64, 70, 284 N.W.2d 712, 715 (Ct. App. 1979). Our construction

---

[5] Earlier in this opinion, we discussed the state's contention that unless we read sec. 161.55(3), Stats., as limited to "innocent third parties" who have a security interest, we would render sec. 161.55 (1)(d)4 superfluous. However, we are convinced that the construction urged by the state would, in fact, render subsection (3) superfluous because it would not be necessary for the legislature to have protected innocent secured parties in subsection (3) when they were already protected under subsection (1)(d)4. Our construction gives both sections independent force and effect.

of sec. 161.55 (3), Stats., is consistent with this intent as it permits the forfeiture of vehicles used in the commission of crimes by drug traffickers. However, our construction, unlike the state's suggested interpretation, does not sacrifice the interests of innocent parties. Under the state's construction of sec. 161.55 (3), innocent parties who are ignorant of the statutory requirements for protecting security interests would be unnecessarily left without recourse. Such was not the intent of this legislation.

We also reject as unfounded the state's policy argument which projects that our construction of sec. 161.55 (3), Stats., will result in fraudulent claims arising from collusion between confederates or relatives and friends. To say that trial courts are going to *ipso facto* believe every such claim insults the integrity of the judicial process. It is a question of fact in each case where a forfeiture has occurred whether a party is an "innocent" party.

Lastly, we reject the state's argument that the trial court's calculation of a $7,000 interest due the Taylors is excessive in light of the automobile's alleged blue book worth of $5,825 wholesale and $7,225 retail. The state's position that this determination will leave the police department with no profit is an inappropriate and insufficient reason for denying the Taylors relief under sec. 161.55 (3), Stats. We need only state that the intent of the forfeiture provisions is to deprive drug traffickers of the means necessary to commit the proscribed drug offenses and not to profit enforcement agencies at the expense of innocent third parties.

*By the Court.*—Order affirmed.