STATE of Wisconsin, Plaintiff-Appellant,

v.

Beverly J. O'NEIL,† Defendant-Respondent.

Court of Appeals

*No. 87–0312–CR. Submitted on briefs July 21, 1987.—Decided September 22, 1987.*

(Also reported in 416 N.W.2d 77.)

† Petition to review denied.

For the plaintiff-appellant, there were briefs by *Donald J. Hanaway,* attorney general, and *David J. Becker,* assistant attorney general, of Madison.

For the defendant-respondent, there was a brief by *James A. Drill* of *Doar, Drill & Skow, S.C.,* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.  The State of Wisconsin appeals an order dismissing a charge of theft by fraud, sec. 943.20(1)(d), Stats. We are asked only to decide the narrow issue of whether the defendant, Beverly O'Neil, "obtains title to property" if she arranges for the fraudulent payment of money to a corporation of which she is the interim director, but does not herself personally receive that money.

We conclude that the money need not be obtained by O'Neil for herself. If a person induces another to

part with money by fraudulent misrepresentations, then title to that property has been obtained within the meaning of the statute. The crime is complete when title has been obtained. It would be contrary to the fundamental purpose of the theft statute to distinguish between a case where a thief personally receives money obtained by false pretenses and a case where it is delivered for the benefit of another. Accordingly, we reverse the order of dismissal and remand to the trial court for reinstatement of the charge.

O'Neil was the interim director of a corporation called the Eau Claire County Council on Alcohol and Other Drug Abuse (AODA). AODA entered into a contract with the Eau Claire County Department of Human Services to provide chemical dependency assessments. O'Neil allegedly altered AODA records to make it appear as if AODA counselors had spent more time with the clients they assessed than they in fact did. Based on those altered records, the Eau Claire County Department of Human Services was overbilled for its services and AODA received over $8,000 to which it was not entitled. The funds that were obtained as a result of this fraud were deposited directly into AODA's account.

The altered billing records and subsequent over-billings were apparently discovered by a member of the board of directors of AODA while examining records and bookkeeping in connection with a merger feasibility determination. O'Neil allegedly admitted to the alterations and the overbillings upon being con-fronted with the discrepancies. O'Neil also allegedly admitted that she was the only person involved. AODA then brought the matter to the attention of the Eau Claire Police Department.

O'Neil was charged with theft by fraud, sec. 943.20(1)(d), and fraudulent writings, sec. 943.39(1), Stats. At the conclusion of the preliminary hearing, the trial court dismissed the theft by fraud charge, concluding that sec. 943.20(1)(d) could be violated only if O'Neil obtained title for herself personally, rather than for the corporation of which she was the interim director. The state principally argues on appeal that the statute does not require that the obtainer personally receive the property secured by false representations in order to be charged with theft by fraud.

The resolution of this case requires construction of the theft statute, sec. 943.20(1)(d). The construction of a statute is a question of law, which this court decides independently. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985).

Our first step is to look to the statutory language itself. Section 943.20(1)(d) provides:

## MISAPPROPRIATION.

**943.20 Theft.** (1) **Acts.** Whoever does any of the following may be penalized as provided in sub. (3):

. . . .

(d) Obtains title to property of another by intentionally deceiving him with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made.

The opposing interpretations of "obtains title" advanced by the parties demonstrate the statute's apparent ambiguity. Section 943.20(1)(d) does not specifically address the question of whether theft by fraud requires that the thief personally receive the

property. When a statute does not define the precise scope of its application, we may refer to the statute's history and purpose to discern the legislature's intent. *State v. Zielke,* 137 Wis. 2d 39, 46, 403 N.W.2d 427, 430 (1987).

The language of our sec. 943.20(1)(d) was adopted verbatim from Massachusetts. *State v. Green,* 7 Wis. 571 [*676], 579 [*685] (1859). The statute is traceable to the English statute, 30 Geo. II, ch. 24, which was the prototype of most of the statutes in this country commonly referred to as theft by false pretenses. The purpose in creating the statute was to protect unsuspecting citizens from swindlers who, realizing that the crimes of larceny and embezzlement required that property be taken without the owner's consent, obtained the property of others with their consent but by means of wilful misrepresentation and deliberate lying. *See Green,* 7 Wis. at 578–79 [*684]; *see also State v. Crowley,* 41 Wis. 271, 282 (1876). The result is that Wisconsin, like most states, has several separate misappropriation crimes for what is essentially the same type of conduct, the wrongful appropriation of another's property by nonviolent means. *See* Legislative Council Comment (Judiciary Committee) 1950 report, *reprinted in Resource Materials on the Wisconsin Criminal Code* 90–91, U. Wis. Ext. (1983).

O'Neil argues that the legislature did not intend to impose criminal sanctions in situations where the defrauder arranges for the misappropriated property to be delivered directly to a third person. O'Neil insists that because the funds did not pass to her, she did not "obtain" title within the meaning of the statute. To support her contention, O'Neil relies on a statement in *Bates v. State,* 124 Wis. 612, 616, 103 N.W. 251, 253 (1905), that "money, as such, should

actually pass from the hand of the defrauded person to that of the accused ...."

O'Neil reads *Bates* too narrowly. Contrary to O'Neil's position, the principle adopted by *Bates* is not founded on a statutory requirement that title pass exclusively to the defendant. It is rather that "so long as the defrauded party retains either title or control over the property the crime of obtaining is not consummated ...." *Id.* at 617, 103 N.W. at 253. *Bates* stated that until money, rather than an order to pay money, was actually delivered, the "defendant would have acquired neither to himself nor to any one else anything which [the defrauded party] previously had." *Id. Bates* does not hold that a prosecution for theft by false pretenses cannot be had under the facts of the present case.

O'Neil also argues that because penal statutes are to be strictly construed, the charge must be dismissed. We are not unmindful of the rule, but it comes attended with qualifications and other rules of no less importance. For instance, the rule of strict construction does not mean that only the narrowest possible construction must be adopted in disregard of the statute's purpose. *State v. Olson,* 106 Wis. 2d 572, 585, 317 N.W.2d 448, 455 (1982) (citations omitted). A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. *Id.*

In this case, the purpose of the statute viewed in conjunction with the placement of the provisions within a group of crimes entitled "MISAPPROPRIA-TION," and subtitled **"Theft,"** manifests that the legislature's focus was not on the theft's ultimate

beneficiary.[1] *See State v. Rabe,* 96 Wis. 2d 48, 70, 291 N.W.2d 809, 819–20 (1980). We reiterate that it would be contrary to the basic purpose of the statute to distinguish between a case where the thief personally retained the money obtained by false pretenses, and a case where it has been received by a corporation of which she is the interim director. The purpose in charging her with theft is the same in one case as in the other.

Significantly, the statute does not read "obtains title for herself," and such an implication would not serve the statute's intended purpose. The interpretation proposed by O'Neil would open a wide door for industrious and designing cheats. Any thief, having perpetrated the proper fraud, could escape criminal liability merely by channeling the proceeds to a third party, regardless of any direct or indirect benefit.

We conclude, therefore, that if a person induces another to part with title to property by fraudulent misrepresentations, then title to that property has been obtained within the meaning of the statute. The crime is complete when title has been misappropriated. This interpretation is consistent with the fundamental purpose of the theft by fraud statute. Our holding is also in accord with leading commentators,

---

[1]Although not discussed by the parties, we acknowledge that the pattern jury instruction, Wis. J I—Criminal 1453 (1983), states that the fourth element of the offense "requires that the defendant obtained title to the property." The instruction further states that "there must have been a transfer of title from the owner to the defendant." However, while we generally view the work of the Criminal Jury Instructions Committee as persuasive, it is not precedent. *See State v. Beets,* 124 Wis. 2d 372, 383 n. 7, 369 N.W.2d 382, 387 n. 7 (1985).

and the majority of other jurisdictions addressing similar statutes. For a discussion, *see, e.g.,* text and cases cited at 2 W. LaFave and A. Scott, *Substantive Criminal Law,* sec. 8.7 at 394 (1986); 35 C.J.S. *False Pretenses,* sec. 25 at 845 (1960); 32 Am. Jur. 2d *False Pretenses,* sec. 37 at 261 (1982).

Accordingly, to sustain a charge of obtaining title to property by false pretenses, the title to property of another need not be obtained by the accused for herself. It is sufficient if, as a result of her false representations, the property is delivered either for her own benefit or for the benefit of another.

Having determined that the charge is proper under sec. 943.20(1)(d), it is unnecessary to discuss the state's argument that O'Neil could alternatively be charged as aiding and abetting the commission of the crime pursuant to sec. 939.05(2)(b), Stats.

*By the Court.*—Order reversed and cause remanded.