STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert W. MEADO, Defendant-Appellant.†

Court of Appeals

*No. 90–2232–CR. Submitted on briefs March 26, 1991.—Decided June 12, 1991.*

(Also reported in 472 N.W.2d 567.)

†Petition to review denied.

■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bradley J. Bloch* of *Jastroch & LaBarge, S.C.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Jerome S. Schmidt,* assistant attorney general.

Before Nettesheim, P.J., Scott and Anderson, JJ.

ANDERSON, J. Robert W. Meado appeals from judgments of conviction and an order denying postconviction relief. The trial court found Meado guilty after he entered a no contest plea to theft by false representation, contrary to sec. 943.20(1)(d), Stats. Meado stipulated to use the information in the complaint to establish the factual basis for his plea. On appeal, Meado claims that the information contained in the complaint failed to establish a factual basis for the plea. We disagree and affirm the trial court.

The criminal complaint charging Meado with theft by false representation alleged that he:

> obtain[ed] title to the property of another, to-wit: a 1987 Chevrolet van . . . having a value of . . . ($16,309.41), the property of Gordie Boucher Chevrolet, by intentionally deceiving them with a false representation which is known to be false, made with intent to defraud and which does defraud the person to whom it is made . . ..

The complaint further alleged that Meado obtained the van through a lease agreement and that he gave the dealership a check for $923.91 as a down payment. The check was not honored, and a detective from the Waukesha police department discovered that the bank account was closed before Meado wrote the check. The detective also discovered that Meado never resided at the home address that Meado gave to Boucher Chevrolet.

Meado filed a motion to dismiss the complaint on the grounds that it failed to set forth essential facts constituting the offense of theft by false representation. He argued that the complaint established only that he had obtained a lease—not title—to the van.

Meado failed to appear at three preliminary hearings. The state brought a bail jumping charge against Meado. Subsequently, Meado waived the preliminary hearing and entered a no contest plea to the theft by false representation charge in exchange for the dismissal of the bail jumping charge and a recommendation that he receive probation and pay restitution. He stipulated that the facts in the complaint could be used as the factual basis for the plea. Because Meado withdrew the motion to dismiss the complaint, the trial court never ruled on the merits of that motion. After deciding that the plea and the waiver were free and voluntary, the plea was accepted. The trial court then made a finding of guilty. The trial court withheld sentence and placed him on probation with various conditions for four years. Meado's probation was subsequently revoked and he was sentenced to six years' imprisonment.

Meado filed a motion pursuant to sec. 974.06, Stats., to vacate the judgments and dismiss the action on the ground that the factual basis for the guilty finding utterly failed to establish the violation as charged. The trial court interpreted his postconviction motion to be

challenging the sufficiency of the complaint, rather than a challenge to whether the facts were sufficient to support the taking of the plea. The trial court concluded that Meado waived the challenge to the sufficiency of the complaint when he knowingly and intelligently, by his conduct and as part of the plea negotiations, withdrew his earlier motion to dismiss the complaint, and that such waiver precluded postconviction relief under sec. 974.06. The trial court found, in the alternative, that the facts were sufficient to accept the plea because Meado did "obtain title" within the meaning of sec. 943.20(1)(d), Stats.[1]

The issue is whether obtaining a lease agreement is "obtain[ing] title to property" within the meaning of sec. 943.20(1)(d), Stats. The section reads in part:

> **(1)** ACTS. Whoever does any of the following may be penalized as provided in sub. (3):
>
> . . ..

---

[1]The state argues that Meado waived the issue he now raises on appeal. We agree that when Meado withdrew his motion to dismiss based on the sufficiency of the complaint, he waived consideration of that issue. However, in his postconviction motion and on appeal, he is challenging whether the facts in the complaint are sufficient to serve as a basis for his plea because they fail to establish that he "obtained title to property" within the meaning of sec. 943.20(1)(d), Stats. The issue on appeal does not challenge the sufficiency of the complaint as a charging document. It is the alleged insufficiency of the facts in the complaint to serve as a basis for his plea which is under attack.

The failure to establish a factual basis for the plea is of constitutional dimensions and is the type of error which can be reached by a sec. 974.06, Stats., motion. *Loop v. State,* 65 Wis. 2d 499, 501, 222 N.W.2d 694, 695 (1974). We conclude that Meado has not waived the issue.

(d) Obtains title to property of another by intentionally deceiving him with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. "False representation" includes a promise made with intent not to perform it if it is a part of a false and fraudulent scheme.

Meado argues that "obtains title to property" is plain and unambiguous. He reads the statute to require that the accused obtain actual title to the property. He defines title as "the foundation of ownership . . . and that which constitutes a just cause of exclusive possession." Because the title remained with the dealership and Meado was only leasing the van, he did not "obtain title to property." Thus, he argues that the complaint does not allege an essential factual basis to support his plea.

The construction of a statute is a question of law which this court considers *de novo. State v. Fouse,* 120 Wis. 2d 471, 476, 355 N.W.2d 366, 369 (Ct. App. 1984).

A statute is ambiguous if reasonably well-informed people can understand it in more than one sense. *State v. Gilbert,* 115 Wis. 2d 371, 377, 340 N.W.2d 511, 514 (1983). We conclude that "obtains title to property" is ambiguous because reasonably well-informed people could disagree whether a lease agreement confers title to property within the meaning of the statute. Because of this ambiguity, we must engage in statutory construction. The purpose of statutory construction is to determine and give effect to the legislative intent, which is ascertained by considering the language of the statute in relation to its scope, history, context, subject matter and

795

the object intended to be remedied or accomplished. *Fouse,* 120 Wis. 2d at 476, 355 N.W.2d at 369.

*Whitmore v. State,* 238 Wis. 79, 298 N.W. 194 (1941), is instructive. The defendant in *Whitmore* obtained an automobile through a conditional sales contract. The check for the down payment did not clear because of insufficient funds. *Id.* at 80–81, 298 N.W. at 194–95. The supreme court affirmed the conviction under the predecessor of sec. 943.20(1)(d), Stats. *Id.* at 83, 298 N.W. at 195–96. *Whitmore* teaches that the legislature was addressing fraudulent transactions, and the legislature did not intend to define narrowly the property interest the defendant must receive before criminal liability attaches. The court wrote:

> Where, however, goods are sold under a conditional sales contract and the legal title is merely retained for purposes of security, the vendee gets a *sufficient* property interest to support a conviction of obtaining money by false pretenses provided the other requisites of the offense are present . . .. [T]he doctrine that one must obtain title and possession in order to be guilty of the crime of false pretenses *cannot* mean an absolute title because any title obtained by fraud is voidable and the requirement would make it impossible for the crime to be consummated.

*Id.* at 82–83, 298 N.W. at 195 (emphasis added). The effect of *Whitmore* was to limit the scope of an earlier case, *Bates v. State,* 124 Wis. 612, 103 N.W. 251 (1905), which stated that "so long as the defrauded party retains either title or control over the property the crime of obtaining is not consummated." *Id.* at 617, 103 N.W. at 253. *Whitmore* remains good law.

The statute relied upon in *Whitmore* has the phrase "obtain from any other person any money, goods, wares,

merchandise, or other property." *Whitmore,* 238 Wis. at 81, 298 N.W. at 195. The criminal code was revised in 1955. *See* ch. 696, Laws of 1955. We conclude that the legislature did not intend to substantively change the law when it replaced the language of the section interpreted in *Whitmore* with "obtains title to property." One of the objectives of the 1955 revision was to simplify the language and to state fully the prohibition in fewer words than the previous statutes. *See* Platz, *The Criminal Code,* 1956 Wis. L. Rev. 350, 353, 374.

Both the pre-1955 law and the current law are intended to prohibit fraudulent transactions. The harm the legislature intended to remedy before *Whitmore* remained the same after the revisions were enacted. Had the legislature wanted to substantively change the law, or overrule *Whitmore,* the legislature could have worded the statute "obtain absolute title to property" or used equivalent language.

In *State v. O'Neil,* 141 Wis. 2d 535, 538, 416 N.W.2d 77, 79 (Ct. App. 1987), the court of appeals interpreted sec. 943.20(1)(d), Stats., under a different fact scenario. However, the analysis is applicable to this case. *O'Neil* pointed out that a statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. *O'Neil,* 141 Wis. 2d at 540, 416 N.W.2d at 80. The purpose of sec. 943.20(1)(d) is to protect unsuspecting citizens from swindlers who, realizing that the crimes of larceny and embezzlement required that property be taken without the owner's consent, obtain the property of others with their consent but by means of willful misrepresentation. *O'Neil* at 539, 416 N.W.2d at 79. The statute's intention is to prohibit the wrongful appropriation of another's property by non-violent means. *See id.* The legislature's focus is not on

the ultimate beneficiary of the theft, but on the method of misappropriation. *See id.* at 540–41, 416 N.W.2d at 80. The court held that the person perpetrating a fraud does not have to receive title; it is sufficient if the property is delivered either for the benefit of the swindler or for another. *Id.* at 542, 416 N.W.2d at 80.

██

Meado's technical reading of the statute is too restrictive. If we adopted his argument that *actual* title is required to pass, an actor would have to obtain the legal document that is evidence of the title before the actor could be charged with violating sec. 943.20(1)(d), Stats. The leading idea of the statute is to prohibit the deprivation of the owner's property by fraudulent, nonviolent means. Similar to the defendant's reading in *O'Neil,* Meado's reading would reward the industrious and designing thief who, having perpetrated the proper fraud by making false representations, could escape criminal liability as long as the official title remained with the owner as security. We believe Meado's reading fails to give effect to the statute's leading idea.[2]

[2]Meado intimates that the use of the word "title" in sec. 943.20(1)(d), Stats., is intended to be the same as the word "title" in the vehicle registration statute, ch. 341, Stats. The practical result would be to limit sec. 943.20(1)(d) to automobile thefts. Not only would this extremely narrow reading frustrate the leading idea of the statute, but it would be inconsistent with a goal of the criminal code revisions. "The code, for the most part, rejects the notion that every circumstance subject to criminal penalty must be designated with particularity in the statute, and proceeds on the principle that conduct may be prohibited in general language without violating the requirement of certainty." Platz, *The Criminal Code,* 1956 Wis. L. Rev. 350, 354–55.

Meado also argues that the legislature intended to prohibit acts, such as the one in this case, when it created sec. 943.20(1)(e), Stats., which specifically addresses rentals and lease agreements.[3] He argues that our reading of subsec. (d) will create a duplication with subsec. (e) contrary to established rules of statutory construction. We do not agree because subsec. (e) does not have the fraudulent representation element. As stated above, the goal of subsec. (d) is to prohibit acquisition by fraudulent, nonviolent means. If we were to agree with Meado, his actions would not be prohibited by either statute. This clearly frustrates both the leading idea of the statute and its purpose.

We conclude that the phrase "obtains title to property," as used in sec. 943.20(1)(d), Stats., is intended to include cases where a person induces another to part with property under a lease arrangement by fraudulent representation. Meado gained the benefit of the van, through fraudulent representations, and obtained title within the meaning of the statute.

*By the Court*—Judgments and order affirmed.

---

[3]Section 943.20(1)(e), Stats., reads:

(e) Intentionally fails to return any personal property which is in his possession or under his control by virtue of a written lease or written rental agreement, within 10 days after the lease or rental agreement has expired.