STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark A. KRUZYCKI, Defendant-Appellant.†

Court of Appeals

*No. 93–0292–CR. Submitted on briefs May 10, 1994.—Decided March 9, 1995.*

(Also reported in 531 N.W.2d 429.)

†Petition to review denied.

510

For the defendant-appellant the cause was submitted on the brief of *David R. Karpe* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Mary E. Burke*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Mark Kruzycki appeals from a judgment convicting him on four counts of first-degree sexual assault, § 940.225(1)(b), STATS., battery, § 940.19(1), STATS., false imprisonment, §§ 940.30 and 939.63(1)(a)4, STATS., and kidnapping, §§ 940.31(1) and 939.63(1)(a)2, STATS.[1] He also appeals from an order denying his motion for postconviction relief.

Kruzycki raises several issues: (1) whether commitment under the now-repealed provisions of the Sex Crimes Law, ch. 975, STATS., 1977,[2] is a sentence for

---

[1] The trial court imposed repeater enhancements on all counts. Section 939.62, STATS.

[2] Laws of 1979, ch. 117 repealed, among other provisions, § 975.01, STATS. 1977, the mandatory-commitment provision, and re-created it to read, "No person may be committed under this chapter after [July 1, 1980]."

purposes of the repeater statute, § 939.62, STATS.; (2) whether convicting him on two counts of first-degree sexual assault subjects him to double jeopardy; (3) whether the trial court erred by admitting in evidence his three 1979 convictions to impeach his credibility; and (4) whether we should order a new trial because of prosecutorial misconduct.

We conclude that Kruzycki was erroneously sentenced as a repeater, but he was not subjected to double jeopardy, and the trial court properly allowed the prosecution to use his 1979 convictions to impeach his credibility. Because Kruzycki did not object to the alleged prosecutorial misconduct, and the alleged misconduct was not plain error, and the criteria for a new trial under § 752.35, STATS., have not been met, we decline to order a new trial. We reverse the judgment as to the sentences and remand for resentencing without recourse to the repeater statute, and otherwise affirm the judgment of conviction and the order denying Kruzycki's motion for postconviction relief.

## 1. Sentencing Under the Repeater Statute

The repeater statute, § 939.62, STATS., permits a court to impose enhanced penalties on a defendant convicted of a felony within the five-year period immediately preceding the crime for which the defendant is presently being sentenced. "In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence" is excluded. Section 939.62(2).

The crimes for which Kruzycki was convicted and sentenced in the case resulting in this appeal were committed in September 1991. In 1979, he was convicted of first-degree sexual assault and second-degree sexual assault, § 940.225(1)(b) and (2), STATS., 1977. He

was committed for those convictions under the Sex Crimes Law from July 1979 through February 1985 and from September 1986 through July 1990. Before trial, his counsel withdrew a motion challenging the applicability of the repeater statute to Kruzycki, and after the jury rendered its verdict, his counsel stipulated that the repeater statute applied. The trial court applied the repeater statute to increase the term of his sentence on each conviction.

The trial court denied Kruzycki's postconviction motion challenging the increases to his terms of imprisonment under the repeater statute. It reasoned that because he had been in "actual confinement" when serving his commitments under the Sex Crimes Law, he had no opportunity for criminal conduct, and therefore the period of that confinement is excluded when computing the "preceding 5-year period" described in § 939.62(2), STATS.

The State contends that Kruzycki waived the right on appeal to question his sentence as a repeater when he withdrew his motion challenging the applicability of the repeater statute and again when he stipulated to its applicability. We consider the withdrawal as essentially nothing more than the usual waiver which occurs when trial counsel fails timely to object to error and thus usually prevents his or her client from raising the issue for the first time on appeal. The waiver rule is one of judicial administration, and it does not affect our power to deal with an issue. *Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980). Kruzycki's stipulation to the applicability of the repeater statute does not affect our review. A concession on an issue of law does not bind an appellate court. A question of law "cannot be bargained away by counsel nor shielded

from *ab initio* consideration by successive court reviews." *Fletcher v. Eagle River Memorial Hosp., Inc.*, 156 Wis. 2d 165, 182, 456 N.W.2d 788, 796 (1990).

No Wisconsin precedent specifically states that commitment under the now-repealed provisions of the Sex Crimes Law tolls the five-year limit on the use of prior convictions to enhance sentences under the repeater statute, § 939.62, STATS. Resolution of the issue is important to the sentencing process. We should set aside an unlawfully imposed sentence. We therefore exercise our discretion to review the issue in this appeal.

The State urges that we treat the word "sentence" in § 939.62(2), STATS., as ambiguous and reminds us that a literal construction of a statute should not be adopted if it defeats the legislative purpose. *State ex rel. Tessmer v. Circuit Court Branch III*, 123 Wis. 2d 439, 443, 367 N.W.2d 235, 237 (Ct. App. 1985). It asserts that the intent of the statute is to exclude from the computation the time during which a previously convicted offender is removed from the community and is unable to endanger the community or commit further offenses. The State claims that any other interpretation is unreasonable, and notes that we are to interpret statutes to avoid unreasonable results. *State v. Robertson*, 174 Wis. 2d 36, 46, 496 N.W.2d 221, 225 (Ct. App. 1993).

However, the considered views repeatedly expressed in *State v. Hungerford* 76 Wis. 2d 171, 251 N.W.2d 9 (1977), regarding the nature of the confinement of a person committed under the Sex Crimes Law, are such that we cannot hold that a commitment is a sentence for purposes of the repeater statute, § 939.62(2), STATS. The *Hungerford* court, quoting from

*Huebner v. State*, 33 Wis. 2d 505, 526, 147 N.W.2d 646, 656 (1967), stated that a commitment under ch. 975, STATS., 1975, is "so essentially different from penal sentencing as to amount to an independent proceeding . . . ." *Hungerford*, 76 Wis. 2d at 176, 251 N.W.2d at 10. The *Hungerford* court continued, "Commitment is an alternative disposition to sentencing. Commitment proceedings pursuant to ch. 975 constitute neither civil commitment nor sentencing." *Id.* (footnotes omitted). The court ruled that because Hungerford had been committed under ch. 975, he "was not previously sentenced . . . ." *Id.* at 177, 251 N.W.2d at 11.

The issue in *Hungerford* was whether a sentence for the crime of escape under § 946.42(4), STATS., 1975, had to be consecutive to a Sex-Crimes-Law commitment. Section 946.42(4) provided that a sentence imposed for an escape had to be consecutive to any sentence previously imposed. Because a commitment under ch. 975, STATS., 1975, is not a sentence, the supreme court concluded that the trial court could impose a sentence concurrent with a commitment. The question before us is how the legislature used the word "sentence" in the repeater statute, § 939.62(2), STATS., and, in particular, what the legislature meant in the last sentence of that subsection: "In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded." We consider ourselves bound by the *Hungerford* court's conclusion that a commitment under ch. 975 is not a sentence.

The *Hungerford* court foreshadowed the State's argument in this appeal on the legislature's intent. The court said,

> While the argument can be made that the legislature intended that persons who escape from

custody while under a commitment pursuant to ch. 975, STATS., should be sentenced consecutively to the commitment, the language of the statute [§ 946.42(4), STATS., 1975] is plain and unambiguous. Hungerford had not been sentenced nor could a sentence be imposed under the sex deviate commitment.

*Hungerford*, 76 Wis. 2d at 177-78, 251 N.W.2d at 11 (footnote omitted).

The repeated language in *Hungerford* having hammered the point that a commitment under the Sex Crimes Law is not a sentence, we reject the State's proposed construction of the last sentence in § 939.62(2), STATS. We hold that the trial court erred when it concluded that Kruzycki's commitment under the Sex Crimes Law was "actual confinement serving a criminal sentence" for purposes of § 939.62(2). The court should not have excluded the time he spent under such a commitment when computing the "preceding 5-year period" described in the last sentence of that subsection. We therefore reverse the judgment as to the sentences and remand for the trial court to resentence Kruzycki without adding a penalty enhancement under § 939.62.

## 2. Double Jeopardy

The complaining witness, J.T., testified that on September 13, 1991, Kruzycki invited her to his apartment that evening. When she arrived, Kruzycki had the lights out, candles burning and music playing. They sat down at a table and talked, drank coffee and smoked cigarettes. After fifteen to twenty minutes, J.T. got up to make a telephone call. The telephone sat on a mattress in the corner of the one-room efficiency. J.T.

sat on the edge of the mattress to make her call. Before she could finish dialing, something heavy and hard hit her head and she fell onto the mattress. She realized Kruzycki was on top of her. At knife point, he ordered her, "Do exactly as I tell you and you won't get hurt." He bound, gagged and blindfolded her and cut off some of her clothes. He performed cunnilingus on her for about ten minutes, and then he engaged in vaginal intercourse. J.T. testified that during that act he withdrew and ejaculated two or three times. He turned her over on her stomach and inserted his penis into her anus. He then turned her over a second time and again had vaginal intercourse with her. The assaults lasted for a total of one hour. After the second act of vaginal intercourse he permitted her to leave.

Kruzycki asserts that under the circumstances his convictions and consecutive sentences for the two acts of vaginal sexual assault subject him to double jeopardy. Both the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment Due Process Clause, *Harrell v. State*, 88 Wis. 2d 546, 554, 277 N.W.2d 462, 464 (Ct. App. 1979), and art. I, § 8 of the Wisconsin Constitution prohibit the State from subjecting a person to double jeopardy.

The prohibition against double jeopardy prevents arbitrarily dividing a single offense into multiple offenses with multiple punishments. *State v. Kanarowski*, 170 Wis. 2d 504, 510, 489 N.W.2d 660, 662 (Ct. App. 1992). When the claim is made that a single offense has been wrongfully divided into multiple offenses, the first question is whether the offenses are identical in law, that is, whether they involve one sec-

tion of the criminal code, and whether they are identical in fact. *State v. Sauceda*, 168 Wis. 2d 486, 493-94 n.8, 485 N.W.2d 1, 4 (1992). Even though the offenses are "identical and contained within the same statutory section, the factual circumstances may be separated in time or significantly different in nature to justify multiple punishments." *Id.* The second question is whether the legislature intended to allow multiple charges. *Kanarowski*, 170 Wis. 2d at 512, 489 N.W.2d at 663.

Kruzycki's two acts of vaginal sexual assault are the same in law. Each violates the same section of the statute, § 940.225(1)(b), STATS., sexual intercourse with another person without the consent of that person by the use or threat of use of a dangerous weapon. Kruzycki contends that the two acts of sexual assault are not only the same in law but in fact, because both occurred within a short time of each other. He asserts that *State v. Hirsch*, 140 Wis. 2d 468, 410 N.W.2d 638 (Ct. App. 1987), is controlling precedent which requires our holding that the charges against him suffer from multiplicity and therefore subject him to double jeopardy. We disagree.

In *Hirsch* the defendant was charged with three counts of first-degree sexual assault, having sexual contact with a five-year-old child, contrary to § 940.225(1)(d), STATS., 1985-86. The first count charged that he touched the child's vaginal area, the second count charged that he then touched her anal area, and the third charged that he then touched her vaginal area a second time. The complaint and information did not set forth the time period in which the contacts occurred, but we said it was "apparent that the episode took no more than a few minutes." *Hirsch*, 140 Wis. 2d at 475, 410 N.W.2d at 641. We added,

"There was apparently little, if any, lapse of time between the alleged acts. Given the short time frame, we cannot say that 'the defendant had sufficient time for reflection between the assaultive acts to again commit himself.' " *Id.* (quoting *State v. Harrell*, 88 Wis. 2d at 560, 277 N.W.2d at 467). We affirmed the trial court's order, which declared that the information was multiplicitous and therefore subjected the defendant to double jeopardy.

The facts before us differ dramatically from those in *Hirsch*. In *Hirsch* the defendant allegedly moved his hand from the child's vagina to her anus and back again, and at some point he turned her over. Kruzycki assaulted J.T. for fifty minutes, excluding the cunnilingus. He engaged in vaginal intercourse, during which he withdrew and ejaculated twice, then he turned her over and had anal intercourse, and then he turned her over a second time and again had vaginal intercourse. Nonconsensual penile entry of a victim's vagina and anus is vastly different in kind and degree of force than manually touching a vagina and anus. Gaining entry and twice reaching ejaculation, then turning the victim over and gaining anal entry and then again turning the victim over and again gaining vaginal entry, are acts involving separate and distinctly different volitional acts, in contrast with the sexual contacts in *Hirsch*.

Having concluded that the two acts of vaginal intercourse are sufficiently different in fact to justify separate charges or counts under the same statute, we next examine the legislative intent. The *Sauceda* court concluded that when enacting § 940.225, STATS., "[T]he legislature intended multiple punishments." *Sauceda*, 168 Wis. 2d at 499, 485 N.W.2d at 6. Referring to the various subsections of § 940.225 defining different types of sexual assault, the *Sauceda* court said, "The

violation of any one of those subsections in no way immunizes the defendant [by virtue of the prohibition against double jeopardy] from violating *the same* or any of the other subsections during the course of sexual misconduct." *Id.* at 497, 485 N.W.2d at 5-6 (emphasis added).

We conclude that the two charges against Kruzycki and his convictions and sentences on those charges do not violate state or federal prohibitions against subjecting a person to double jeopardy.

### 3. Impeachment by Use of Prior Convictions

Kruzycki was tried in 1991 for the September 1991 sexual assaults. In 1979, he was convicted of first-degree sexual assault, second-degree sexual assault and burglary. Evidence that a witness has been convicted of a crime is admissible for the purpose of attacking the witness's credibility. Section 906.09(1), STATS. The trial court ruled that Kruzycki's twelve-year-old convictions were admissible under § 906.09 on the issue of his credibility. Kruzycki testified on direct examination that he had been convicted of three crimes.[3] He claims error.

A prior conviction on any crime is relevant to the credibility of a witness's testimony. *State v. Kuntz*, 160 Wis. 2d 722, 753, 467 N.W.2d 531, 543 (1991). Our law presumes that a person who has been convicted of a crime is less likely to be a truthful witness than a person who has not been convicted. *Liphford v. State*, 43 Wis. 2d 367, 371, 168 N.W.2d 549, 551 (1969). The

---

[3] He was not asked the nature of the crimes.

fact and the number of such convictions are therefore relevant evidence.

Whether to allow prior-conviction evidence for impeachment purposes under § 906.09, STATS., is within the discretion of the trial court. When we review a discretionary decision, we consider only whether the trial court properly exercised its discretion, putting to one side whether we would have made the same ruling. *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983). A court properly exercises its discretion when it correctly applies accepted legal standards to the facts of record and uses a rational process to reach a reasonable conclusion. *Kuntz*, 160 Wis. 2d at 745-46, 467 N.W.2d at 540.

When deciding whether to admit evidence of prior convictions for impeachment purposes a trial court should

> consider whether from the lapse of time since the conviction, the rehabilitation or pardon of the person convicted, the gravity of the crime, the involvement of dishonesty or false statement in the crime . . ., the probative value of the evidence of the crime is substantially outweighed by the danger of undue prejudice.

*Kuntz*, 160 Wis. 2d at 752, 467 N.W.2d at 543 (quoting Judicial Council Committee's Note, Chapter 906, Wisconsin Rules of Evidence, 59 Wis. 2d R181 (1974)) (citations omitted).

Before the trial court admitted the convictions for impeachment purposes, it considered not only that the convictions proposed for use as impeachment material had occurred in 1979 but also Kruzycki's lack of reha-

bilitation. The court reasoned that a reformed defendant's past convictions may not be probative of the defendant's credibility, and admitting such convictions could be unfairly prejudicial. It ruled that Kruzycki's past convictions were admissible because he had been confined for lengthy periods and had "not been around to reform."

The trial court's ruling is based on facts of record. Since his 1979 convictions, Kruzycki was confined from July 1979 through February 1985 and from September 1986 through July 1990. The court employed a rational analysis of the relationship between the ages of Kruzycki's past convictions, the periods he was confined, and his lack of reform. It properly exercised its discretion.

Kruzycki contends that the concerns that make consideration of a Sex-Crimes-Law commitment improper for purposes of the repeater statute also render improper that consideration when determining whether to admit a prior conviction for impeachment purposes. We disagree. The trial court's rationale is based on Kruzycki's reduced ability to commit a crime while he was confined under the Sex Crimes Law. Why he was confined is irrelevant to the court's reasoning.[4]

---

[4] Kruzycki notes that Rule 609(B) of the Federal Rules of Evidence generally bars admission of a prior conviction for impeachment purposes if more than ten years have elapsed since the latter of the date of conviction or release from the confinement imposed for that conviction. Section 906.09(1), STATS., has no time limit for the admissibility of prior convictions. The Judicial Council Committee is critical of the federal rule. The committee said, "The [f]ederal [r]ule by placing strict limitations upon the use of a criminal conviction makes the [r]ule administratively impractical." Judicial Council Committee's Note, 59 Wis. 2d at R177.

Because the trial court properly exercised its discretion when admitting Kruzycki's 1979 convictions for impeachment purposes, we affirm its ruling.

4. New Trial for Plain Error and in Interest of Justice

Kruzycki argues that the prosecutor's unobjected-to conduct was plain error warranting a new trial. A defendant's failure to object to a plain error affecting substantial rights does not preclude us from taking notice of the error. Section 901.03(4), STATS. To be "plain" an error must be so fundamental that a new trial or other relief must be granted, and the error must be obvious and substantial, or grave. *State v. Vinson*, 183 Wis. 2d 297, 303, 515 N.W.2d 314, 317 (Ct. App. 1994). The plain-error rule is reserved for cases in which it is likely that the error denied the defendant a basic constitutional right. *Id.*

Kruzycki asserts that plain error occurred because the prosecutor accused him on cross-examination of concocting his story over the three months he had access to discovery materials and because she argued the same point in her closing rebuttal argument. Whether or not arguable error occurred, we see nothing so obvious about it to justify our invoking the plain-error rule.

Kruzycki next contends that prosecutorial misconduct occurred because (1) the prosecutor called him "pathetic," (2) the prosecutor told the jury that she was not the only one who could have inquired to find out what the complaining witness was wearing on the day

in question, (3) a police detective testified it is common for victims to not immediately report sexual assaults, and (4) the prosecutor told the jury that sexual-assault cases "don't get a lot better than this . . . ." We see no plain error in any of these unobjected-to statements. Again, while arguable error may have occurred, it is not so obvious as to justify our applying the plain-error rule.

Section 752.35, STATS., authorizes the court of appeals to order a new trial if it appears from the record that the real controversy has not been fully tried or it is probable that justice has miscarried. We decline to exercise our discretionary authority here. The real controversy has been fully tried. For us to declare it probable that justice has for any reason miscarried, we must first find a substantial probability of a different result on retrial. *Vollmer v. Luety*, 156 Wis. 2d 1, 16, 456 N.W.2d 797, 804 (1990). We are far from satisfied that a new trial is likely to produce a different result.

5. Conclusion

We remand for resentencing and otherwise affirm the judgment of conviction and order on postconviction motions.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.

DYKMAN, J. (*concurring in part; dissenting in part*). I agree that Kruzycki was not subjected to double jeopardy, that the trial court properly exercised its discretion in admitting evidence of Kruzycki's 1979 convictions, and that we should not order a new trial

for plain error or in the interest of justice. However, I would not reach Kruzycki's attack on the trial court's application of the repeater statute, § 939.62, STATS. In the trial court, Kruzycki withdrew a motion in which he asserted that he was not subject to the repeater statute. The relevant portions of the Sex Crimes Law[1] were repealed effective July 1, 1980, nearly fifteen years ago. There will be very few future cases in which the application of Sex Crimes Law incarcerations to repeater sentences will be significant. We have held that where a defendant withdraws a motion, he has waived an attack based on the contents of that motion. *State v. Meado*, 163 Wis. 2d 789, 794 n.1, 472 N.W.2d 567, 569 (Ct. App. 1991). I see no difference between this case and the myriad of cases in which we have concluded that because a party has failed to raise an issue in the trial court he was precluded from asserting error as to that issue on appeal.

---

[1] *See* majority op. at 515 n.2.