STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry ROBERTSON, Defendant-Appellant.

Court of Appeals

*No. 92-0516-CR. Submitted on briefs November 5, 1992.—Decided January 26, 1993.*

(Also reported in 496 N.W.2d 221.)

For the defendant-appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *Ruth A. Bachman,* assistant attorney general, of Madison.

Before Sullivan, Fine and Schudson, JJ.

SULLIVAN, J.  Terry Robertson appeals from a judgment of conviction and an order denying his post-conviction motion for amendment of the judgment of conviction and for resentencing. Robertson pled guilty to possession of cocaine as a second or subsequent offense in violation of secs. 161.16(2)(b)1, 161.41(3m), and 161.48, Stats. The sole issue on appeal is whether Robertson's prior offense for possession of a controlled substance could properly serve as a basis for his later conviction of possession of a controlled substance as a second or subsequent offense under sec. 161.48, Stats. We affirm.

## BACKGROUND

The facts of this case are undisputed. On May 21, 1991, the State charged Terry Robertson with possession of cocaine as a second or subsequent offense. To the complaint, the State attached a copy of Robertson's previous judgment of conviction dated January 3, 1991, which indicated a conviction for possession of a controlled substance in violation of sec. 161.41(3), Stats. Robertson pled guilty to the May 21, 1991 charge of

possession of cocaine as a second or subsequent offense. During the sentencing phase of the proceedings, the trial court inquired as to Robertson's previous record. Defense counsel responded that Robertson had one previous conviction for possession of cocaine.[1]

Subsequently, Robertson filed a motion for post-conviction relief arguing that a prior conviction for possession of a controlled substance in violation of sec. 161.41(3), Stats., could not properly serve as the basis for the later application of sec. 161.48, Stats.the penalty enhancer statute that charged Robertson as a second or subsequent offender. The State countered by producing documents from Robertson's prior conviction including the complaint, guilty plea questionnaire and a "Court Order for Assessment," all of which indicated that Robertson's previous conviction had been for a violation of sec. 161.41(3m), possession of cocaine. The court denied Robertson's motion for post-conviction relief and Robertson now appeals.

## THE STATUTE: SECTION 161.48

Section 161.48, Stats., provides enhanced penalties for second or subsequent offenses under ch. 161 of the Wisconsin Statutesthe Uniform Controlled Substances Act. The statute provides:

**161.48 Second or subsequent offenses. (1)** Except as provided in subs. (2) and (4), any person

---

[1] Apparently, at this point, neither the State nor defense counsel recognized the discrepancy between the January 3, 1991 judgment of conviction—listing Robertson's prior offense as a violation of sec. 161.41(3), Stats. and defense counsel's statement that Robertson had been convicted of possession of cocaine—which would properly have been charged as a violation of sec. 161.41(3m), Stats.

convicted of a 2nd or subsequent offense under this chapter may be fined an amount up to twice that otherwise authorized or imprisoned for a term up to twice the term otherwise authorized or both.

(2) If any person is convicted of a 2nd or subsequent offense under this chapter that is specified in s. 161.41 . . . (3m) . . ., any applicable minimum and maximum fines and minimum and maximum periods of imprisonment under s. 161.41 . . . (3m) . . . are doubled. A 2nd or subsequent offense under s. 161.41(3m) . . . is a felony and the person may be imprisoned in state prison.

(3) For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

(4) This section does not apply to offenses under s. 161.41(2r)(a) and (3).

Because the trial court sentenced Robertson for a violation of sec. 161.41(3m), Stats., possession of cocaine, the application of sec. 161.48(2) exposed Robertson to a double penalty for his crime and changed the classification of his offense from misdemeanor to felony. Robertson argues that because his prior conviction was under sec. 161.41(3), Stats., the application of this "repeater" statute to his situation was improper. Specifically, he points to sec. 161.48(4), which provides that the statute does not apply to offenses under sec. 161.41(3).[2]

---

[2] Robertson argues that because the complaint and prior judgment of conviction indicated that his prior offense had been in violation of sec. 161.48(3), his guilty plea was "insufficient to constitute an admission to a qualifying prior conviction." Robertson does not dispute the fact that his previous conviction was

We reject Robertson's interpretation of sec. 161.48. We hold that subsection (4) sets forth a limitation only upon the second or subsequent offense for which a defendant is sentenced, and that the previous offense may be any conviction under chapter 161, without exception.

Statutory interpretation presents a question of law that we review *de novo* and without deference to the trial court. *State v. Martin*, 162 Wis. 2d 883, 891-92, 470 N.W.2d 900, 903 (1991). Our purpose in interpreting a statute is to determine and follow legislative intent. *Id.* at 893, 470 N.W.2d at 904. The best evidence of that intent is the language of the statute itself, and if such language is clear, we will not look to extrinsic evidence. *See id.* at 893-94, 470 N.W.2d at 904.

We first examine the language of sec. 161.48, Stats. Subsection (1) sets forth the general provision that a person convicted of a second or subsequent offense under the Uniform Controlled Substances Act will be subject to up to twice the maximum fine and/or term of imprison-

---

actually for possession of cocaine in violation of sec. 161.41(3m). However, he argues that the State could not amend the complaint at the post-conviction stage of the proceedings to reflect this fact. Rather, he contends, that in the absence of a sufficient plea, the State had the burden of pleading and proving all necessary facts to support his conviction as a second or subsequent offender, and it failed to do so. Because we find that Robertson's argument is based upon a misinterpretation of the statute, we need not address the shortcomings of the previous judgment of conviction and the effect, if any, that it had upon Robertson's subsequent plea. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed). As the remainder of this opinion will indicate, Robertson was properly charged as a second or subsequent offender under sec. 161.48, Stats., regardless of whether his prior conviction was for a violation of sec. 161.41(3) or sec. 161.41(3m).

ment otherwise allowed. Subsection (3) explains that an offense will be considered a second or subsequent offense where the offender has previously "been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs." The general rule set forth in subsection (1) is subject to two exceptions. First, subsection (2) provides that for some crimes the penalty enhancer will double the minimum as well as the maximum fines and periods of imprisonment. Second, subsection (4) states that the statute "does not apply to offenses under s. 161.41(2r)(a) and (3)."

At issue in this case is whether subsection (4) applies to the underlying conviction or those convictions for which sentence enhancement is sought. Robertson argues that subsection (4) is a restriction upon the entire statute, applying not only to the "subsequent" offense, but also to the "prior" offense. As support for this interpretation, Robertson points out that subsection (4) refers only to "offenses" without the inclusion of the modifying terms "second or subsequent."

Conversely, the State contends that subsection (4) limits the language in subsection (1), and applies only to the second or subsequent offense. The State points out that throughout the statute, only the second or subsequent conviction is referred to as an "offense," whereas the previous conviction is referred to only in subsection (3), which speaks of an offender "having been convicted under this chapter." Thus, the State argues that the term "offense" in subsection (4) refers only to the second or subsequent offense.

██

While we are inclined to adopt the State's argument, we do not base our decision solely on this reasoning. The

most convincing argument in favor of adopting the State's interpretation of sec. 161.48, comes from reading that section in conjunction with sec. 161.47, Stats.[3] Where possible, we will interpret interrelated statutes to "produce a harmonious whole." *State v. Newman*, 162 Wis. 2d 41, 47, 469 N.W.2d 394, 396 (1991).

Section 161.47 allows a trial court to withhold judgment of guilt for a first time drug offender charged with a violation of sec. 161.41(3). Instead, the court may place the offender on probation. As a "reward" for the offender's successful completion of the terms and conditions of probation, the court shall dismiss the charges. The statute specifically states that this dismissal shall be without an adjudication of guilt and therefore, is not a conviction for the purposes of sec. 161.48. This portion of the statute, however, would be rendered meaningless by Robertson's proposed interpretation of sec. 161.48, as

---

[3] Section 161.47 provides in part:

**Conditional discharge for possession or attempted possession as first offense.** (1) Whenever any person who has not previously been convicted of any offense under this chapter, or of any offense under any statute of the United States or of any state or of any county ordinance relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession or attempted possession of a controlled substance under *s. 161.41(3)*, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him or her on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him or her. *Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for 2nd or subsequent convictions under s. 161.48.* There may be only one discharge and dismissal under this section with respect to any person. (Emphasis added.)

he contends that a conviction under sec. 161.41(3) can never serve as the underlying offense in sec. 161.48.

We will not interpret one statute so as to make language in another totally meaningless and without purpose. If possible, we will adopt an interpretation that gives full force to both. *See Bingenheimer v. DHSS,* 129 Wis. 2d 100, 107, 383 N.W.2d 898, 901 (1986). Thus, we reject Robertson's proposed interpretation of the statute and hold that subsection (4) functions only to exclude secs. 161.41(2r)(a) and (3), Stats., from acting as the second or subsequent offense.

Furthermore, our interpretation is consistent with the general purpose of sec. 161.48. This becomes particularly apparent when we examine the offenses that subsection (4) acts to exclude. Thus, we examine secs. 161.41(2r)(a) and (3), Stats., respectively.

Section 161.41(2r)(a), Stats.,[4] makes unlawful the possession of a schedule I or II narcotic. This subsection contains its own penalty enhancer to be used when the violation is a second or subsequent offense. Subsection (2r)(c)[5] provides that *any* violation under chapter 161,

---

[4] Section 161.41(2r)(a) provides in part:

[I]t is unlawful for any person to possess or attempt to possess a controlled substance classified in schedule I or II that is a narcotic drug . . . . Any person who violates this paragraph, upon a first conviction, may be fined not more than $5,000 or imprisoned for not more than one year or both, and for a 2nd or subsequent offense, may be fined not more than $10,000 or imprisoned for not more than 2 years or both.

[5] Section 161.41(2r)(c) provides:

For purposes of this subsection, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled

44

or of *any* federal or state law regulating controlled substances, may serve as the underlying offense. Although the definition of "second or subsequent offense" found in subsection (2r)(c) is identical to its counterpart in sec. 161.48(3), we note that subsection (2r) contains no list of exceptions to the offenses which may properly serve as the underlying offense.[6] Due to the fact that sec. 161.41(2r)(a) contains its own provision for penalty enhancement upon a second or subsequent offense, the legislature appropriately excluded this section from the general penalty enhancer provision of sec. 161.48.

Section 161.41(3), Stats., makes unlawful the possession of a controlled substance other than a schedule I or II narcotic. Substances regulated by this section include those contained in schedule III, IV, and V, and are by definition substances which have an accepted medical use, have limited to moderate addictive potential, and have less potential for abuse than schedule I and II substances. *See* secs. 161.17 to 22, Stats. Relatively speaking, these substances are less dangerous and presumably the legislature has excluded possession of these substances from the enhanced penalty statute for this reason.

Exclusion of secs. 161.41(2r)(a) and (3) from the list of offenses that may properly serve as previous convic-

substances, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

[6] Thus, even a violation of subsection (2r)(a) itself could serve as the underlying conviction that would subject the offender to the enhanced penalty. Under Robertson's interpretation of sec. 161.48, that same prior conviction under subsection (2r)(a) could not serve as the underlying conviction for the general enhanced penalty provision which applies to the remainder of chapter 161.

tions under sec. 161.48 would be contrary to the purpose of sec. 161.48, particularly in light of sec. 161.48(3). Section 161.48(3) specifically makes the penalty enhancer applicable where the offender has a previous conviction under any statute of the United States, or any other state, that relates to controlled substances, narcotic drugs, marijuana, depressants, stimulants, etc. Thus, if committed in another jurisdiction, an offense identical to one described in secs. 161.41(2r) or (3) would properly serve as a prior conviction under sec. 161.48, while that same offense under Wisconsin law would not. We decline to adopt an interpretation of sec. 161.48 that would lead to this absurd result. *See City of La Crosse v. Benson*, 101 Wis. 2d 691, 697, 305 N.W.2d 184, 187 (Ct. App. 1981) (We "interpret statutes to avoid an absurd or unreasonable result.").

In conclusion, reading sec. 161.48, Stats., in conjunction with related statutes leaves no doubt that the legislature intended for any conviction under chapter 161 to serve as a prior offense for the purposes of invoking the penalty enhancing provisions of sec. 161.48, Stats. We interpret the exclusions in subsection (4) as pertaining only to the current offense, for which enhancement is sought. Thus, we reject Robertson's contention that sec. 161.48, Stats., was improperly applied.

*By the Court.*—Judgment and order affirmed.