STATE of Wisconsin, Plaintiff-Respondent,

v.

Dawn C. MOLINE, Defendant-Appellant.†

Court of Appeals

*No. 98–2716–CR. Submitted on briefs June 15, 1999.—Decided June 23, 1999.*

(Also reported in 598 N.W.2d 929.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Patrick M. Donnelly,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David J. Becker,* assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   By this decision, we hold that a prior conviction for possessing drug paraphernalia pursuant to § 961.573, STATS., qualifies as a prior offense under the repeat drug offender statute, § 961.48(3), STATS.

The pertinent facts are brief. The State charged Dawn C. Moline with one count of possessing cocaine, contrary to § 961.41(3g)(c), STATS. The complaint also alleged that Moline was a repeat drug offender and was therefore subject to enhanced penalties. In support, the State alleged that Moline was convicted of unlawfully

possessing drug paraphernalia on a prior occasion. Moline moved to dismiss the repeat drug offender allegation, asserting that possession of drug paraphernalia is not an offense which qualifies as a prior conviction within the meaning of § 961.48(3) and (4), STATS. This was especially important to her because, absent the repeat drug conviction, possessing cocaine would be a misdemeanor. With the enhancement, the crime is punishable as a felony. The trial court rejected the motion and, pursuant to a plea bargain, Moline pled no contest to the felony charge. She now appeals the same issue raised in her motion to dismiss.

The issue requires that we construe § 961.48(3), STATS. Statutory construction is a question of law which this court decides independently, without deference to the trial court. *See State v. Keith*, 216 Wis. 2d 61, 68, 573 N.W.2d 888, 892 (Ct. App. 1997), *review denied*, 217 Wis. 2d 518, 580 N.W.2d 689 (1998). In construing the statute, this court first looks to the language of the statute. If the language is clear and unambiguous, it is not necessary to resort to any extrinsic aids. *See State v. Denter*, 121 Wis. 2d 118, 123, 357 N.W.2d 555, 557 (1984).

Section 961.48, STATS., concerns second or subsequent drug offenses. Subsection (3) reads as follows:

> For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to the offender's conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substances or controlled substance analogs, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

Both Moline and the State provide thoughtful analyses regarding the grammatical structure of the statute. Mainly, they debate whether the phrase in the statute beginning with "relating to controlled substances" modifies not only "any statute of the United States or of any state" but also "this chapter."

Moline seizes upon the fact that since there are no commas separating the two subject phrases appearing before the modifying phrase, but merely the word "or," the phrase therefore modifies both subject phrases equally. Therefore, Moline contends that only convictions under ch. 961, STATS., relating to controlled substances, controlled substance analogs and so forth, are legitimate prior convictions for purposes of the statute. In other words, the prior conviction has to be for drugs, not drug paraphernalia.

The State responds that punctuation analysis is but one consideration used in statutory construction and a "small" one at that. The State propounds its own grammatical dissection, basically arguing that the modifying phrase does not modify the subject phrase "this chapter" but modifies only the second subject phrase, "statute of the United States or of any state." The State sees the use of the word "under," which appears before the start of each of the two subject phrases, to be especially instructive and argues that the use of this word signifies the legislature's intent to separate the two subject phrases in terms of what kinds of previous offenses may be considered. Without going into detail concerning the State's argument, the end result is that the State reads the statute to say that any offense in ch. 961, STATS., may be considered for enhanced penalty purposes, while the statute may be more restrictive in regard to offenses occurring in other jurisdictions.

41

At the risk of being too candid, each judge on this panel saw the issue as being much simpler. We each came to the decision conference having each conducted our own independent construction of the statute. And each judge arrived at conference with the same result. As we independently read the statute, and as we ended up reading it together, the statute is meant to include all prior convictions, either under ch. 961, STATS., the federal statutes or any other state statute that is "related to" controlled substances and the like. A drug paraphernalia offense is an offense "related to" controlled substances. The term itself—*drug paraphernalia*—signifies that the paraphernalia must have some relation to controlled substances or controlled substance analogs before that paraphernalia will qualify as "drug" paraphernalia. That is simply common sense.

■ This commonsense reading is bolstered by the drug paraphernalia statute itself. Drug paraphernalia is defined by § 961.571(1)(a), STATS., in pertinent part, as "all equipment, products and materials . . . that are used, designed for use or primarily intended for use [in numerous activities with respect to] a *controlled substance or controlled substance analog in violation of this chapter*." (Emphasis added.) Thus, we see from this language that the legislature very specifically linked, by definition, the term "drug paraphernalia" with the activities related to controlled substances. We conclude that paraphernalia is not illegal unless it is "related to" drugs. If it is found to be related to drugs, it is very clearly an offense which may serve as the basis for an enhanced penalty under § 961.48(3), STATS.[1]

[1] Our analysis was propounded by the State in its brief, albeit as the last alternative manner of interpretation.

We close by citing *State v. Robertson*, 174 Wis. 2d 36, 41, 496 N.W.2d 221, 223 (Ct. App. 1993). In that case, this court arrived at essentially the same result that we do here. The court wrote:

> [T]he previous offense [that makes the charged offense a "2nd or subsequent offense" for purposes of § 961.48, STATS.] may be any conviction under chapter 161 [now 961], without exception.

And, in the final concluding paragraph, the court stated:

> In conclusion, reading sec. 161.48 [now 961.48], Stats., in conjunction with related statutes leaves no doubt that the legislature intended for any conviction under chapter 161 [now 961] to serve as a prior offense for the purposes of invoking the penalty enhancing provisions of sec. 161.48 [now 961.48].

*Robertson*, 174 Wis. 2d at 46, 496 N.W.2d at 225. At first blush, it would seem that the cited language would control the result here. But Moline points out that *Robertson* dealt with a prior possession of a controlled substance and argues that the quoted language is dicta. She contends that the *Robertson* court did not "intentionally take up, discuss or consider" the issue now before us. For its part, the State concedes that *Robertson* is not dispositive of this case because the *Roberson* court was responding to an argument different from that made here. We will assume, without comment, that the quoted language in *Robertson* is dicta. But dicta or not, it is right.

*By the Court.*—Judgment affirmed.